

1  CARLSON & JAYAKUMAR
   A Partnership of Professional Law Corporations
2      Keith W. Carlson, State Bar No. 193437
       Jehan N. Jayakumar, State Bar No. 224148
3  2424 S. E. Bristol Street, Suite 300
   Newport Beach, California  92660
4  Telephone:  (949) 222-2008
   Facsimile:  (949) 222-2012
5  E-Mail:  keith@cjattorneys.com
           jehan@cjattorneys.com
6
   Attorneys for Defendants
7  JAMES McKENNA, MJM VISIONS, LLC,
   GOLDEN DREAMS PROPERTIES, LLC, and JOHN JONES
8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11
12  CARLOTA MONZON,                    Case No. CV10  10063  GW  PLAx

13                                     )
            Plaintiff,                 )  NOTICE OF REMOVAL TO THE
14                                     )  UNITED STATES DISTRICT
        vs.                            )  COURT FOR THE CENTRAL
15                                     )  DISTRICT OF CALIFORNIA
    JAMES MCKENNA; MJM VISIONS,        )  PURSUANT TO 28 U.S.C. § 1441
16  LLC, A California Limited Liability )
    Company; GOLDEN DREAMS             )  [Filed concurrently with Declaration of
17  PROPERTIES, LLC, a California Limited)  John Jones; Notice of Interested
    Liability Company; JOHN JONES; and )  Parties; and Civil Case Cover Sheet]
18  DOES 1 TO 70, INCLUSIVE,           )
                                       )  Action Filed:September 28, 2010
19          Defendants.                )  Trial Date:   None Set
                                       )
20
21
22
23
24
25
26
27
28

                                1

1   TO THE ABOVE-ENTERED COURT:

2       PLEASE TAKE NOTICE that Defendants James McKenna, MJM Visions, LLC

3   ("MJM"), Golden Dreams Properties, LLC ("Golden Dreams"), and John Jones

4   ("Jones") (collectively, "Defendants") hereby remove to this Court the state court

5   action described below and invoke this Court's jurisdiction under the provisions of

6   28 U.S.C. 1441 as follows:

7   1.      On or about September 28, 2010, a Complaint was filed in the Superior Court

8   of the State of California, County of Los Angeles, entitled CARLOTA MONZON V.

9   JAMES MCKENNA, MJM VISIONS, LLC, GOLDEN DREAMS PROPERTIES,

10  LLC, and JOHN JONES, Case No. BC446197 (the "State Court Action" or

11  "Complaint"). Attached as Exhibit "A" is a true and correct copy of Plaintiff's

12  Complaint.

13  2.      On December 2, 2010 the Summons, Complaint and initial case documents

14  were served by agreement on counsel for Defendants McKenna, Golden Dreams and

15  MJM[1].  Attached as Exhibit "B" is a true and correct copy of the executed Notice of

16  Acknowledgement of Receipt and related court documents served on Defendants.

17  With regard to Defendants McKenna, Golden Dreams and MJM, this Notice of

18  Removal is being filed within 30 days of service of the Summons and Complaint[2].

19  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b); *Murphy*

20  *Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) (service of

21  process is the official trigger for responsive action by a named defendant.)

22  3.      John Jones ("Jones") was served on October 26, 2010.  Though the 30 day

23  time period for removal has elapsed, this Court should nonetheless permit removal.

24  The Ninth Circuit does not bar later-served defendants from exercising their right to

25  remove within 30 days after being served based on the first-served defendant's

26  failure to timely remove. *United Steel, et al. v. Shell Oil Co.*, 549 F.3d 1204 (9th Cir.

27  _____
    [1] Cal. Code Civ. Proc. §415.30(c); *Wagner v. City of South Pasadena* 78 Cal. App. 4th 943, 948-
28  950 (2000)
    [2] See Id.

2

1  2008).  Strict application of the rule barring later-served defendants from removing

2  "would encourage unfair litigation tactics."  *United Computer Systems, Inc. v. AT &*

3  *T Corp.*, 298 F.3d, 756, 762 (9th Cir, 2002).  Several recent courts have adopted the

4  later-served defendant rule in lieu of the first-served defendant rule, giving later-

5  served defendants a full 30 days after service to remove despite the fact that an

6  earlier-served defendant failed to remove.  The rationale is that it is unfair to deprive

7  later-served defendants an opportunity to remove because of an earlier served

8  defendant's inaction.  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527,

9  533 (6th Cir. 1999).

10  4.      Jones did not timely file for removal because he was ill-informed as to the

11  charges filed against him and was unsure whether he wished to remove.  *See* Decl. of

12  John Jones, ¶'s 4 and 5.  Jones is neither an owner of the businesses named in the

13  present action, nor is he an employer of Monzon.  As such, he should not be a

14  Defendant in the instant case.  He now joins the other Defendants, however, in their

15  request for removal.  In California, all defendants must consent to, or join in,

16  removal.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir.

17  2006).

18  5.      Thus, since the Ninth Circuit does not explicitly require Notice of Removal to

19  be filed within 30 days of service of the first-served defendant, and since all the

20  Defendants consent to removal, this Court should permit removal.

21  6.      On December 8, 2010, Defendants filed and served their Answer to the

22  Complaint with the Los Angeles Superior Court.  Attached as Exhibit "C" is a true

23  and correct copy of Defendant's Answer.  Exhibits A, B and C constitute all of the

24  pleadings that have been filed in this case.

25  7.      Venue of this action lies in the United States Central Court for the Central

26  District of California pursuant to 28 U.S.C. §1441, *et seq.* and 1391(a) because this is

27  the judicial district of this Court in which the action arose, where Plaintiff resides and

28  where the causes of action arose.

3

### Federal Question Jurisdiction

8.      Federal question jurisdiction exists in any civil action in which the district courts have original jurisdiction founded on a claim or right arising under federal law. 28 U.S.C. §1441(b).  Cases that could have been commenced originally in federal court on federal question grounds can be removed from state court.  *Rivet v. Regions Bank of Louisiana,* 522 US 470, 474 (1998).

9.      Plaintiff has alleged causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206, *et. seq.*  Specifically, Plaintiff alleges Defendants have willfully violated the "minimum wage and overtime provision of Section 9 of the Fair Labor Standards Amendments of 1989" and that Defendants are in violation of Section 206, *et. seq.* of the Fair Labor Standards Act for failure to pay Plaintiff both minimum wage and overtime due.  The FLSA confers federal question jurisdiction.  Thus, based on the foregoing, federal question jurisdiction and removal to this Court is proper.  28 U.S.C. §§1441 *et seq.*

10.     Defendants are not aware of any Doe defendants having been served with a copy of the Summons and Complaint.  The citizenship of Doe defendant is disregarded for the purposes of removal.  28 USC § 1441(a).

11.     Defendants will promptly serve Notice to Plaintiff of Removal to Federal Court and will promptly file Notice with the Superior Court of the State of California for the County of Los Angeles.

Wherefore, Defendants remove this action from the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated:  December 29, 2010          CARLSON & JAYAKUMAR

Keith W. Carlson
Jehan N. Jayakumar


By: _____
Jehan N. Jayakumar
Attorneys for Defendants
JAMES McKENNA, MJM VISIONS, LLC,
GOLDEN DREAMS PROPERTIES, LLC and
JOHN JONES